USDC SCAN INDEX SHEET

















TKL     6/7/05     8:39

3:03-CR-00534    USA V. BENDER

*40*

*CRMEMSUP.*

MARK F. ADAMS
Attorney at Law
California State Bar No. 097377
964 Fifth Avenue, Ste. 214
San Diego, CA 92101
Telephone: (619) 239-4344
Facsimile: (619) 544-1429

Attorney for Defendant
**Bruce A. Biddick**



UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

(Hon. Jeffrey T. Miller)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BRUCE A. BIDDICK,<br><br>　　　　Defendant. | CASE NO. 03CR534-JM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Date: July 11, 2005<br>Time: 2:00 p.m. |

I.

**STATEMENT OF THE CASE**

On February 24, 2003 the Court permitted a Rule 20 transfer of charges from the Southern District of Florida. The Indictment alleged a conspiracy to defraud, wire fraud, mail fraud, and securities fraud. On April 7, 2003 Mr. Biddick pled guilty to Count 1, conspiracy to defraud in violation of Title 18 U.S.C. § 371. On August 22, 2003 this Court sentenced Mr. Biddick to the custody of the Bureau of Prisons for a term of five months, followed by three years supervised release, a one hundred ($100) dollar penalty assessment, and a four thousand ($4,000) dollar fine. Mr. Biddick was ordered to surrender to serve the term of custody on September 26, 2003. Mr. Biddick surrendered and served his sentencing, and according to the United States Probation Officer, was released and began serving his term of supervised release on January 20, 2004. While on supervised release, Mr. Biddick has complied with all requests of the United States Probation Department, he has paid his penalty assessment and fine and has otherwise remained law abiding.

The United States Probation Office does not oppose termination of further supervised release.

## II.

### TITLE 18, U.S.C. § 3583(e) PERMITS THE COURT TO TERMINATE A TERM OF SUPERVISED RELEASE AND DISCHARGE THE DEFENDANT AT ANY TIME AFTER THE EXPIRATION OF ONE YEAR OF SUPERVISED RELEASE

In Ruling on a motion to terminate supervised release, the court should consider the factors set forth in Title 18 U.S.C. § 3553(a):

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed -

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant;

    (D) to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner;

(4) the kinds of sentence and the sentencing range established for the offense;

(5) pertinent policy statements issued by the sentencing commission;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

Title 18 U.S.C. § 3583(e) permits the court to terminate a term of supervised release and discharge the defendant at any time after the expiration of one year supervised release.

In this case, Mr. Biddick has served approximately eighteen months of the three term of supervised release ordered in his case. Mr. Biddick has complied with each and every condition of supervised release and his exemplary behavior on supervised release has impressed his family and his probation officer. As indicated in the attached correspondence from Mr. Biddick's father in-law, Peter Fletcher and sister-in-law, Anne Fletcher (Exhibit A), Mr. Biddick is a good candidate for early termination. Mr. Biddick has served the prison sentence imposed by the court and completed half of the term of supervised release ordered by the court. The interests of justice are well served by the early termination of further supervised release. Resources dedicated to the supervision of others

//

more in need of close supervision should be conserved in the interests of justice by terminating Mr. Biddick further active supervision.

### III.

### CONCLUSION

For the foregoing reasons, and based upon such additional evidence as may come to this Court's attention prior to or at the time of the hearing, Defendant Bruce Biddick, requests that this Court terminate further supervised release.

Dated: June 6, 2005

_____
MARK F. ADAMS
Attorney for Defendant
**BRUCE A. BIDDICK**

# EXHIBIT "A"

<div align="center">

**PETER T. FLETCHER**

P.O. BOX 936
RANCHO SANTA FE, CALIFORNIA 92067

</div>

Honorable Jeffrey T. Miller  May, 26 2005
United States District Court
For The Southern District Of California

RE: Defendant Bruce A. Biddick

Dear Judge Miller:

It is my understanding that you will be considering the motion of Bruce A. Biddick for early termination of his probation. I would like to provide you with my reasons why you should favorably act on this motion to terminate what I believe you call "supervised release ". It is my understanding that Bruce's probation officer has suggested that he apply and will fully support favorable action on your part.

In September 2003, just before he was incarcerated, Bruce was married to my eldest daughter, Christy Fletcher. He promptly appointed her legal guardian of his two fine sons, Scott, 15 and Tyler 12. (Bruce had been a single parent to these boys for almost ten years.)

Therefore, while residing in the federal holding facility in San Diego, it fell fully upon Christy to hold this small family together. My wife and I did what we could to support their needs. It was during this time that we became aware of just what a heavy load a single parent must carry.

During the approximate year and one half since his release; his exemplary behavior has impressed his probation officer, as well as me. He and Christy purchased a "older" home in Del Mar Highlands and put his full efforts into remodeling this house into a fine new home for his family almost entirely by himself.

Bruce advised me that your favorable action in this matter will allow him to be more spontaneous in supporting the boy's activities away from home; to properly start a new business to further support his family and to regain his voting rights so that he can contribute more fully to society. Thank you for your consideration.

Sincerely

*Peter T. Fletcher*

Peter T. Fletcher

Anne Fletcher
13069 Brixton Place
San Diego, Ca. 92130

June, 1 2005

Honorable Jeffrey Miller
United States District Court
For The Southern District Of California

Dear Judge Miller:

In accordance with the request of Bruce A. Biddick for early release from probation, I wish to indicate my complete support of his application.

My sister Christy married Bruce in September 2003. During the entire period of my acquaintance with him Bruce has always exhibited great strength of character and exemplary conduct.

Bruce has served his probation and brief period of incarceration without any missteps or actions of less than stellar behavior.

Therefore it is time for Bruce to have the opportunity to get on with his life, most particularly the raising of his two sons without his attention distracted by unneeded monitoring much less the unneeded time and expense to the personnel of the probation department.

Thank you for this opportunity to provide input into your favorable consideration of his request.

Sincerely

Anne Fletcher